Robert M. Anderson, Appellant, *v.* Thomas S. Walsh, Doing Business under the Name of Walsh Boiler and Iron Works, Respondent.

Parties — Erroneous Dismissal of Complaint for Defect of Parties Defendant. Where, in an action brought by the assignee of a corporation against an individual for breach of contract, the defense is that the plaintiff had sued the wrong defendant and that the action should have been brought against the "Walsh Boiler and Iron Works," which was not a corporation, joint stock company or partnership, but, according to evidence introduced, was a name under which defendant's wife was conducting business in and under the laws of a foreign state, a dismissal of the complaint is erroneous where there is evidence that the negotiations leading up to the contract were all conducted with the defendant personally; that while his letters showed he was using the name of the "Walsh Boiler and Iron Works," he usually placed underneath that signature his own name and that the plaintiff's assignor never had notice that it was dealing with a corporation or partnership; such evidence should have been submitted to the jury, since there was nothing in the name of the "Walsh Boiler and Iron Works" that was calculated to put the plaintiff on his guard when selecting the party against whom to bring suit, it being

a name which might be used by a corporation, joint stock company, partnership or individual.

*Anderson* v. *Walsh,* 114 App. Div 902, reversed.

(Argued June 6, 1907; decided June 14, 1907.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 21, 1906, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred B. Nathan* and *Dickinson W. Richards* for appellant. The defendant is liable in this action, for the contract in question was either made by him in his own behalf or it was made by him as agent of an undisclosed principal, and in either event he is liable. (*Holt* v. *Ross,* 54 N. Y. 475; *McClure* v. *C. T. Co.,* 165 N. Y. 128; *Cobb* v. *Knapp,* 71 N. Y. 352; *De Remer* v. *Brown,* 165 N. Y. 419; *Argersinger* v. *MacNaughton,* 114 N. Y. 539.) The trial court erred in dismissing the complaint. (*People ex rel. Miller* v. *Dick,* 84 App. Div. 184; *Foote* v. *Leary,* 103 App. Div. 547; *Lewis* v. *R. R. Co.,* 105 App. Div. 293; *McDonald* v. *M. Ry. Co.,* 167 N. Y. 66; *Poillon* v. *Gerry,* 179 N. Y. 17; *Place* v. *R. R. Co.,* 167 N. Y. 347.)

*James E. Duross* for respondent. The principle of undisclosed agency is not involved in this case. (*Hooper* v. *Robinson,* 98 U. S. 528; *Colvin* v. *Holbrook,* 2 N. Y. 126.) A dismissal of the complaint was proper. (*Besson* v. *Southard,* 10 N. Y. 236; *Spooner* v. *B. R. Co.,* 54 N. Y. 230; *Ryan* v. *M. R. Co.,* 121 N. Y. 126; *Gardner* v. *Friedrich,* 25 App. Div. 521.)

EDWARD T. BARTLETT, J.   The plaintiff, as the assignee of the Bacon Air-Lift Company, brought an action to recover damages for alleged breach of contract by defendant in neglect-

ing and refusing to proceed with and complete the erection of two steel tanks which he had contracted to build for the Bacon Air-Lift Company at Far Hills, New Jersey. The defendant's place of business was at Springfield, Massachusetts. One of these tanks was to have been erected and installed in position for $485.00 and the other for $365.00, being a total of $850.00. Prior to defendant's default the Bacon Air-Lift Company had paid $831.50. After defendant's refusal to complete the contract the Bacon Air-Lift Company caused its completion at an expenditure of $321.75; deducting from this amount the balance due on the original contract price of $18.50, there remained owing to the Bacon Air-Lift Company the sum of $303.25, for which this action was brought.

The question litigated is one of practice. The defendant's contention at the trial was that the plaintiff had sued the wrong defendant; that the action should have been brought against the Walsh Boiler and Iron Works, which was not a corporation, joint stock company or partnership, but evidence was introduced to show that it was a name under which the defendant's wife was conducting business at Springfield, Massachusetts, in pursuance of the laws of that state.

Throughout the trial it was insisted by the plaintiff, and at least two of his witnesses, being former officers of the Bacon Air-Lift Company, that the negotiations for the building of these two tanks were conducted with Thomas S. Walsh, the defendant, and that while his letters in evidence showed that he was using the name of the Walsh Boiler and Iron Works, he usually placed underneath that signature his own name; and that it was customary for the Bacon Air-Lift Company to address their letters to Messrs. Walsh Boiler and Iron Works.

The correspondence in regard to the erection of these steel tanks began in August, 1902, and dragged along until March, 1903. The defendant in some of his letters used the plural " we will arrange so and so " and " we will do so and so," and in others he used throughout the pronoun " I."

The former president of the Bacon Air-Lift Company, John

11

J. Boyd, was the first witness for the plaintiff, and after identifying certain letters relating to the subject-matter of this suit, he was asked: " Q. Do you know of your own knowledge that the Walsh Boiler and Iron Works put up these tanks? A. I do. Q. Whom did you deal with in making these two contracts? A. With Mr. Walsh. Q. Personally? A. In the first instance I dealt with him personally. Q. Did you ever have notice in any way that the Walsh Boiler and Iron Works was a corporation or a partnership? A. No, I never did. Q. All your dealings so far as you now say were with Mr. Walsh personally? A. My dealings were with him. Q. Either by way of correspondence or conversations? A. No, there may have been correspondence with the Walsh Boiler and Iron Works, but my dealings were always personally with Mr. Walsh. I never knew of anybody else in the company."

The plaintiff next swore Robert M. Anderson, who is the assignee plaintiff in this action. He testified that he was formerly vice-president of the Bacon Air-Lift Company; that he knew Thomas S. Walsh personally. He said: " I recall the transactions which were had between the Bacon Air-Lift Company and Thomas S. Walsh in or about the month of August, 1902. I had general supervision of this work for the Bacon Air-Lift Company. * * * I had a conversation with Mr. Walsh, the defendant, in regard to these two tanks; it took place several weeks after the letter of January 12th, 1903. Q. State the conversation as nearly as you can? A. We stated to Mr. Walsh that we regretted having to write such a letter and he said he appreciated the condition and promised to send men to have the work satisfactorily performed."

After both parties had rested the defendant's attorney asked for a directed verdict. The court said : " I do not see what else can be done except to dismiss this complaint against this party. The motion to dismiss must be granted." The plaintiff's attorney excepted to this ruling.

A careful examination of this record leads us to the conclu-

sion that there was no evidence establishing that the plaintiff was aware that the defendant, Thomas S. Walsh, was doing business in the name of his wife or of any one else; but be that as it may, there is evidence on this point, assuming it to be conflicting, that should have been submitted to the jury. There was nothing in the name of the "Walsh Boiler and Iron Works" that was calculated to put the plaintiff on his guard when selecting the person who had conducted all the negotiations involved in the transactions in suit. It is a name which might be used by a corporation, joint stock company, partnership or individual.

The plaintiff's counsel has raised before us the additional point that he was entitled to proceed under the law of undisclosed principal, but this question was not mooted at the trial, although the legal proposition is sound.

The judgment of the courts below should be reversed and a new trial granted, with costs to the appellant to abide the event.

CULLEN, Ch. J., GRAY, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur; HAIGHT, J., absent.

Judgment reversed.